The opinion of the Court was delivered by
Wardlaw, J. An administrator plaintiff, 'suing on the contract of his' intestate, is not ordinarily liable for costs upon a non-suit: but he is liable where the cause of action arose after the death of the intestate, and he might have sued thereon in his own right, although he has sued as administrator; — or where he has been guilty of laches in conducting his suit; — or has abused the process of the Court, (3 Bos. & Pul. 115;) — or where, in trover, if not in an action ex contractu, he has joined to a count in the intestate’s right one in his own right as administrator, (Farley vs. Farley, 2 Bail. 319; Jamison vs. Lindsay, 1 Bail. 79.) Where he is not liable for costs, a judgment of non-suit entered against him should discharge the defendant without day, but ought not to award costs. A judgment for costs entered in such a case is irregular, and may be set aside on motion : and where it has been set aside, money, which under it has come to the hands of the sheriff or defendant, may by summary proceedings be restored to the administrator. The execution will be no protection to the defendant or his attorney— for they must be presumed to have known its insufficiency : but to the sheriff it will be a justification, because he was not privy to the irregularity. It has been supposed that in this case the sheriff ought to be considered as privy, because he had served *111 subpoena writs for the administratrix. That however could at most only have informed the sheriff that the suit, in which the subpoena writs were served, had been brought by the plaintiff in a representative character; not that it was of such kind that, in opposition to a mandate authenticated by the seal of the Court, a ministerial officer must have known, that none of the circumstances existed which might regularly have subjected the administratrix to costs.
For the money which the sheriff paid away before notice of objection to the execution, this action cannot then lie. For the money yet in the hands of the sheriff’s executor, the sheriff’s fees, the action would lie, as a more summary proceeding would have done against the sheriff himself, — if the execution was set aside, and that money was such as the plaintiff was not bound to pay. But the exemption of an administrator plaintiff from liability to the costs of the defendant, is not an exemption from the obligation of his own contracts, or a privilege to procure gratuitous service. He must pay his own costs, not those of the defendant. The whole amount retained by sheriff Carter was actually due to him by Mrs. Buckels, plaintiff in the action of covenant. For it, he might have had an execution against her issued, after taxation and demand, in conformity with the Acts of 1791. (7 Stat. 264, Sec. 11; 6 Stat. 161, Sec. 4, 5.) It was not a case in which he had already execution against the other party, and therefore does not fall within the class, wherein, according to Corrie vs. Jacobs, (Harp. 330) the officer of Court has execution against one party and action against the other, hut not execution against both. That which the sheriff was justly entitled to recover from the plaintiff, and no more, having remained in his hands, his representative may without discount oppose the recovery back in an action of indebitatus assumpsit. The same evidence, which now defeats the plaintiff, would protect her against any subsequent demand for these sheriff’s fees, if any should be made, as has been suggested in argument.
The motion is dismissed.
O’Neall, Frost, Withers and Whitner, JJ., concurred.

Motion dismissed.